# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:12-cv-00522-MR
# [CRIMINAL CASE NO. 3:07-cr-00236-MR]

| | |
|---|---|
| SIR MARQUIS BATTLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255; Alternative Petition for Relief under 28 U.S.C. § 2241; Alternative Petition for Writ of *Coram Nobis*; and Alternative Petition for a Writ of *Audita Querela* [Doc. 1], and the Government's Motion to Dismiss [Doc. 4].

**I.    BACKGROUND**

On October 23, 2007, the Petitioner was charged in a Bill of Indictment with one count of possession by a felon of one or more firearms, including a .40 caliber Glock handgun, a Norinco SKS assault rifle, and a Romarm WASR-10 assault rifle, and several rounds of ammunition, all in violation of 18 U.S.C. § 922(g)(1). [Criminal Case No. 3:07-cr-00236-MR ("CR"), Doc.

1: Indictment]. The Petitioner pleaded guilty to that charge on January 25, 2008, without the benefit of a written plea agreement. [CR Doc. 9: Entry and Acceptance of Guilty Plea].

Prior to the Petitioner's sentencing, the United States Probation Office prepared a Presentence Report (PSR). In calculating the Petitioner's total offense level, the probation officer began with a base offense level of 26 pursuant to U.S.S.G. § 2K2.1(a)(1), as the Petitioner's offense involved two semiautomatic firearms capable of accepting a large capacity magazine and the Petitioner committed the instant offense following two felony convictions for crimes of violence (specifically, a 2004 North Carolina conviction for breaking and entering and a 2005 North Carolina conviction for involuntary manslaughter). [CR Doc. 12: PSR at 4-5, 6]. After determining the Petitioner's base offense level, the probation officer added two levels because the offense involved three firearms and deducted three levels for acceptance of responsibility, resulting in a total offense level of 25. When coupled with the Petitioner's criminal history category of IV, the resulting advisory Guidelines range of imprisonment was 84 to 105 months. [Id. at 10].

The Court conducted the Petitioner's sentencing hearing on June 26, 2008. At the hearing, the Petitioner's counsel objected to the application of

the base offense level 26, arguing that the Petitioner did not actually possess the rifles and that his prior conviction for breaking and entering was not a crime of violence. [CR Doc. 24: Sentencing H'rg Transcript at 10-11]. After receiving evidence and hearing argument from both sides, the Court found by a preponderance of the evidence that the Petitioner possessed all three firearms and concluded that his prior conviction for breaking and entering qualified as a predicate felony conviction for a crime of violence. [Id. at 53]. Accordingly, the Court adopted the PSR and determined that the applicable Guidelines range was 84 to 105 months. [Id. at 54]. After consideration of the § 3553(a) factors, the Court sentenced the Petitioner to a term of 98 months' imprisonment. [Id. at 63-64].

The Petitioner appealed, challenging the constitutionality of his conviction under § 922(g)(1). The United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence in an unpublished opinion on April 1, 2009. United States v. Battle, 320 F. App'x 149 (4th Cir. 2009) (per curiam).

On August 17, 2012, Petitioner, through counsel, filed the instant motion pursuant to 28 U.S.C. § 2255. In his motion, the Petitioner argues that, pursuant to the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), he does not have the requisite

predicate felony convictions to support a base offense level of 26 pursuant to U.S.S.G. § 2K2.1(a)(1). In the event that the Court denies relief pursuant to § 2255, the Petitioner alternatively asserts his Simmons claim pursuant to a petition for relief under 28 U.S.C. § 2241, a petition for a writ of error *coram nobis*, and a petition for a writ of *audita querela*. [Doc. 1].

The Government moves to dismiss the Petitioner's motion as untimely. [Doc. 4]. Alternatively, the Government argues that the Petitioner's motion should be dismissed because the Petitioner has not asserted a cognizable claim for relief under 28 U.S.C. § 2255, and because the Petitioner is not entitled to relief under any of the alternative theories he asserts. [Id.].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If a petitioner's motion is not dismissed after this initial review, the Court must direct the Government to respond. Id. The Court must then review the Government's answer in order to determine whether an evidentiary hearing is warranted under Rule 8(a). Having considered the record in this matter, the Court finds it is clear that Petitioner is not entitled to relief; therefore, an

evidentiary hearing is not required. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Petitioner's § 2255 Motion is Untimely

A motion to vacate pursuant to 28 U.S.C. § 2255 is subject to a one-year statute of limitation, which runs from:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was presented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In the present case, the Petitioner's judgment became final on June 30, 2009, when his time for filing a petition for a writ of certiorari with the United States Supreme Court expired. He therefore had until June 30, 2010

to file a motion pursuant to § 2255. The Petitioner's motion to vacate, however, was not filed until August 17, 2012, more than three years after his judgment became final. His motion therefore is untimely under § 2255(f)(1).

The Petitioner contends that his motion is nevertheless timely pursuant to § 2255(f)(4), which gives a petitioner one year to file from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Specifically, the Petitioner argues that the facts supporting his claim would not have been discovered through the exercise of due diligence before the <u>Simmons</u> decision become final. [Doc. 1 at 13]. He further contends that if he had filed his claim prior to the <u>Simmons</u> decision, "it would have been summarily rejected" and therefore "it would have been impossible to discover the facts supporting his claims before then." [<u>Id.</u>].

The Petitioner's argument is without merit. As the Fourth Circuit recently explained, "A conviction is a fact for sentencing purposes, but a relevant legal rule is not. <u>Simmons</u>, unlike a predicate conviction, is a ruling exclusively within the domain of the courts and is incapable of being proved or disproved." <u>Whiteside v. United States</u>, 775 F.3d 180, 183 (4th Cir. 2014) (en banc), <u>pet. for cert. filed</u> Mar. 20, 2015. Because the <u>Simmons</u> decision "represented a change of law, not fact," <u>id.</u>, the fact that the Petitioner filed

his motion to vacate within one year of the Simmons decision does not render his motion timely under § 2255(f)(4).[1]

The Petitioner argues alternatively that the statute of limitations should be equitably tolled, because he was prevented from timely filing his motion due to the unfavorable Fourth Circuit precedent that would have governed his claim had he raised it prior to the Simmons decision. [Doc. 1 at 14].[2] Equitable tolling, however, does not apply where "the only impediment to timely filing was the discouragement felt by petitioner when calculating his odds of success." Whiteside, 775 F.3d at 186. Accordingly, the Petitioner's claim for equitable tolling fails.

For the foregoing reasons, the Court concludes that the Petitioner's motion to vacate should be dismissed as untimely.

---

[1] The Petitioner does not contend that his motion to vacate is timely under either § 2255(f)(2) or (f)(3), and therefore, the Court need not address the applicability of these provisions.

[2] The Petitioner contends that he encountered further impediments to filing his motion after the Simmons en banc decision was issued, as counsel was not appointed until May 22, 2012 and counsel had to obtain his PSR and copies of his North Carolina judgments of conviction in order to determine his eligibility for relief. [Doc. 1 at 14]. The Petitioner, however, had no constitutional right to counsel in his habeas proceeding, Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), and the Petitioner has not identified any impediment which prevented him from filing his claim *pro se* in a timely manner. This argument, therefore, is rejected.

7

## B. Petitioner's Motion Fails to Present a Cognizable Claim

Even if the Petitioner's motion had been timely filed, it would still be subject to dismissal because it does not present a cognizable claim.

Section 2255 provides, in pertinent part, that a prisoner may be entitled to relief on the grounds that the "sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). As the Supreme Court has recognized, a petitioner is only entitled to relief under 28 U.S.C. § 2255 on the basis of a nonconstitutional error if the case presents an error of law that constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." Stone v. Powell, 425 U.S. 465, 477 n.10 (1976); see also Hill v. United States, 368 U.S. 424, 428 (1962).

Here, the Petitioner's alleged error did not stem from a constitutional error or result in an unlawful sentence in excess of the maximum authorized by law. Instead, the Petitioner's entire claim relates to the Court's calculation of his base offense level under the Guidelines section applicable to firearms offenses. In order to obtain relief for such a claim under § 2255, the Petitioner must show that the alleged sentencing error resulted in a complete miscarriage of justice. The Petitioner was not subject to a mandatory minimum sentence but instead was sentenced pursuant to an advisory

guidelines range. The resulting 98-month sentence was within the ten-year statutory maximum. See United States v. Pregent, 190 F.3d 270, 284 (4th Cir. 1999) ("Section 2255 provides relief for cases in which 'the sentence was in excess of the maximum authorized by law.'"). Thus, while application of §2K2.1(a)(1) may have affected the sentence imposed, it did not ultimately affect the lawfulness of the Petitioner's sentence. See United States v. Foote, __ F.3d __, 2015 WL 1883538, at *9-*10 (4th Cir. Apr. 27, 2015) (holding that petitioner's erroneous career offender designation was "not a fundamental defect" resulting in "a complete miscarriage of justice"); Sun Bear v. United States, 644 F.3d 700, 705 (8th Cir. 2011) (en banc) (holding that misapplication of the Guidelines cannot support § 2255 claim); cf. United States v. Mikalajunas, 186 F.3d 490, 496 (4th Cir. 1999) (holding, when the Sentencing Guidelines were mandatory, that misapplication of Sentencing Guidelines is not cognizable under § 2255, because "a misapplication of the guidelines typically does not constitute a miscarriage of justice").

Accordingly, for these reasons, the Court concludes that the Petitioner has failed to state a cognizable claim under § 2255.

### C. Petitioner's Alternative Theories Are Without Merit

The Petitioner is not entitled to relief on any of the alternative grounds he asserts.

First, the Petitioner's claim for relief under 28 U.S.C. § 2241 is without merit. A petitioner seeking to attack his conviction or sentence must file a motion under Section 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has concluded that the remedy under Section 2255 is "inadequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333–34.

Here, the Petitioner does not challenge the legality of his conviction; rather, he challenges the calculation of his Guidelines range which he contends was based on a prior conviction that he asserts is no longer

properly considered in calculating a sentencing enhancement. As the Petitioner is challenging his sentence only, he has failed to demonstrate that pursuit of relief through Section 2255 is inadequate. For these reasons, Petitioner is not entitled to relief under Section 2241.

Further, the Petitioner's claim does not fall within the "gaps" in post-conviction remedies addressed by a writ of error *coram nobis* or a writ of *audita querela*. *Coram nobis* relief is available only when all other avenues of relief are inadequate and the defendant is no longer in custody. See In re Daniels, 203 F. App'x 442, 443 (4th Cir. 2006) (per curiam); United States v. Mandel, 862 F.3d 1067, 1075 (4th Cir. 1988). Here, the Petitioner remains in custody and, as set forth above, he had an available post-conviction avenue of relief. Accordingly, *coram nobis* relief is not available to him.

Similarly, *audita querela* relief is available only to "plug a gap in the system of federal postconviction remedies." United States v. Johnson, 962 F.2d 579, 583 (7th Cir. 1992) (citation omitted). In this case, the Petitioner's claim does not fall within such a gap. Instead, Petitioner's claim simply is not the complete miscarriage of justice that warrants a post-conviction remedy.

For all of these reasons, Petitioner's alternative claims will also be denied and dismissed.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Petitioner is not entitled to relief. The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). The Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss [Doc. 4] is **GRANTED**, and the Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's alternative petitions for relief [Doc. 1] are also **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge